IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGRAMPA,<br><br>                Plaintiff,<br><br>    v.<br><br>MAILCOUPS INC. ET AL,<br><br>                Defendant. | No. C03-00208 MJJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

### INTRODUCTION

Before the Court is Defendant MailCoups Inc.'s Motion To Dismiss (Docket No. 41.)

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

### FACTUAL BACKGROUND

Plaintiff Connie Nagrampa ("Plaintiff") entered into a 1998 agreement with Defendant MailCoups, Inc. ("Defendant") in which Plaintiff obtained permission to operate a "Super Coups" franchise. The franchise agreement contained an arbitration clause. As a Super Comp franchisee, Plaintiff's business involved soliciting coupons from local businesses and then mailing those coupons directly to consumers in her territory.

In early 2002, Defendant sought to initiate arbitration under the franchise agreement to recover monies alleged owed to it by Plaintiff. Plaintiff subsequently field this civil action for an injunction and damages, alleging, *inter alia*, that the arbitration agreement was unconscionable and a

1  violation of California law. After this Court granted Defendants' motion to dismiss, the Ninth
2  Circuit reversed and remanded, finding that the alleged arbitration clause at issue was
3  unconscionable. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006).
4    Defendant now challenges Plaintiff's fifth and sixth causes of actions, for violation of
5  California' Consumer Legal Remedies Act ("CLRA") and California's Unfair Competition Law
6  ('UCL") respectively, under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

8    A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
9  sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a
10 Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
11 Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News*
12 *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court
13 accepts the plaintiff's material allegations in the complaint as true and construes them in the light
14 most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).
15 Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or
16 failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v.*
17 *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,
18 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
19 Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is
20 more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127
21 S.Ct. 1955, 1974 (2007).

## ANALYSIS

**A. Plaintiff Lacks Standing To Bring A Claim Under The California Consumers Legal Remedies Act.**

25   Plaintiff's fifth claim is brought under the California Consumers Legal Remedies Act
26 ("CLRA"), California Civil Code § 1750, et seq. The CLRA is limited to actions brought by
27 "consumers." Cal. Civ. Code § 1780(a) ("Any consumer who suffers any damage as a result of the
28 use or employment by any person of a method, act, or practice declared to be unlawful by Section

1770 may bring an action against that person to recover or obtain any of the following...."); *see also Von Grabe v. Sprint PCS*, 31 F. Supp. 2d 1285, 1303 (S.D. Cal. 2003). Under the CLRA, a "consumer" is defined as "an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes." Cal. Civ. Code § 1761(d).

Plaintiff's complaint does not allege facts that would permit her to bring a claim under the CLRA. To the contrary, the facts alleged in the complaint make clear that the dispute revolves around a purely commercial contract – an agreement in which Plaintiff obtained permission to operate a franchise. *See Ting v. ATT*, 319 F.3d 1126, 1148 (9th Cir. 2003) ("the CLRA does not apply to commercial or government contracts"). Even giving the CLRA a liberal construction (*see* Cal. Civ. Code § 1760), the mere fact that Plaintiff operated this franchise out of her home does not transform the dispute into one regarding the acquisition of "good or services" for "household" purposes within the meaning of California Civil Code Section 1761(d).[1]

Accordingly, the Court will dismiss, without leave to amend, the fifth claim in Plaintiff's complaint alleging a violation of the CLRA.[2]

**B.      Plaintiff Alleges Sufficient Facts To State An Unfair Competition Claim.**

Defendant contends that Plaintiff fails to state a cognizable claim for violation of Section 17200 of the California Unfair Competition Law ("UCL"). The Court disagrees. Section 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." At a minimum, the complaint alleges facts sufficient to establish that Defendant's conduct was "unfair" within the meaning of Section 17200.

Though Defendant is correct that California courts have begun to narrow the reach of the UCL, the reach of the UCL is not as limited as Defendant suggests. Even recent decisions recognize that "[a] business practice is unfair within the meaning of the UCL, if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers

---

[1] The Ninth Circuit's en banc decision did not address the question of whether Plaintiff is a "consumer" within the scope of the CLRA. Accordingly, contrary to Plaintiff's contention, law of the case does not resolve this aspect of Defendant's Motion.

[2] Because Plaintiff does not qualify as a "consumer" for purposes of the CLRA, this Court need not reach Defendant's argument in the alternative that Plaintiff has failed to plead that she satisfied the CLRA's notice requirements.

3

which outweighs its benefits." *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). California appellate courts, examining the impact of California Supreme Court's decision in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) on the scope of the UCL, have stated:

> [W]here a claim of an unfair act or practice is predicated on public policy, we read *Cel-Tech* to require that the public policy which is a predicate to the action must be tethered to specific constitutional, statutory or regulatory provisions.

*In re Firearm Cases*, 126 Cal. App. 4th 959, 980 (2005) (quoting *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 854 (2002)).[3]

Here, the Ninth Circuit's ruling that the arbitration provision as alleged violates California's public policy against unconscionable contracts – which is law of the case – is tethered to a specific statutory provision under California law. Although unconscionability was originally a judicially-created doctrine under California law, it was codified into California Civil Code Section 1670.5 by the Legislature in 1979. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113-114 (2000); Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result."). Plaintiff has therefore adequately alleged "unfair" conduct under Section 17200.

//
//
//

---

[3] Defendant relies on language in *Cel-Tech* defining "unfair" business practices more narrowly. But this definition was expressly limited in *Cel-Tech* to actions by competitors alleging anticompetitive practices. *20 Cal. 4th* at 187 n. 12 ("This case involves an action by a competitor alleging anticompetitive practices. Our discussion and this test are limited to that context. Nothing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law.") Here, where the dispute does not involve direct competitors, Plaintiff is not required to allege that the arbitration clause constitutes an anti-competitive business practice to state a Section 17200 claim. *Cf. McKell*, 142 Cal. App. 4th at 1474 ("*Cel-Tech* simply holds that a plaintiff may not bring an action under the UCL challenging business practices specifically permitted by other statutes.")

Accordingly, the Court finds it inappropriate to dismiss Plaintiff's sixth claim.[4]

**CONCLUSION**

For the foregoing reasons, the Court the Court **GRANTS IN PART AND DENIES IN PART** the Motion. The Court **DISMISSES WITHOUT LEAVE TO AMEND** the fifth claim in Plaintiff's complaint alleging a violation of the CLRA. In all other respects, the Court denies Defendant's Motion.

**IT IS SO ORDERED.**

Dated:   7/24/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[4] Because Plaintiff has adequately pleaded "unfair" conduct under Section 17200, the Court need not reach the question of whether Plaitniff has also adequately pleaded "unlawful" or "fraudulent" conduct under Section 17200.

5